Alonzo J. Prey, S.
This is a proceeding praying for an order of adoption by the petitioners, John J. Sharpe and Dianne Y. Sharpe, his wife, of the three infant children, Ralph Arthur Riggs, Kristie Lynn Riggs, and Mary Katherine Riggs, all minors under the age of 14 years. Petitioner, John J. Sharpe, is the maternal uncle of the three children.
*618 Petitions for each, of the three children were presented to the court and filed on the 5th day of July, 1957. An order was made on July 5, 1957 in which the undersigned, upon the facts set forth in the petition, determined that the consent of the natural father of said children was not required because of abandonment as set forth in the allegations in the petition, and the matter has been adjourned from time to time until the 10th day of February, 1958, when the testimony by the petitioners and by the respondent was heard.
The sole issue for determination is: Did the natural father of said children abandon them within the meaning and under the circumstances as defined by subdivision 4 of section 111 of the Domestic Relations Law of the State of New York, as to render the consent by him to the adoption unnecessary?
Certain pertinent facts setting forth the family circumstances, and the reasons for the petitions for adoption by the maternal uncle and his wife of the three children are: That on the 28th day of November, 1956, at Little Valley, New York, Sue Arm Riggs, the mother of said infants, met her death at the hands of her husband, Ralph Riggs, and father of the three children, under circumstances amounting to manslaughter. He. was convicted of manslaughter in the second degree, sentenced to an indeterminate term at Elmira Reformatory, and was released on parole January 27, 1958. The petitions were presented to the court in July while the father was a prisoner at Elmira Reformatory.
The final hearing on the issue involved in these proceedings was adjourned to a date when he could appear in person to answer the allegations of the petition. All interested parties in this proceeding were before the court on February 10, 1958, and have had an opportunity to present proof in support of their respective contentions.
The word ‘ ‘ abandonment ’ ’ has been defined by the courts in a multitude of cases, and the definition of abandonment as it relates to an adoption proceeding where it is alleged that a natural parent abandoned an infant, and because of such an abandonment the consent of such parent shall not be required to effect adoption, is most ably defined by former Judge Cabdozo of the Court of Appeals. (Matter of Bistany, 239 N. Y. 19.)
The proof in this ease, in the opinion of the court, falls far short of the proof of abandonment necessary to establish abandonment by the father of these children to the satisfaction of the court, within the meaning of section 111 of the Domestic Relations Law. In order to consummate the adoption pro *619 ceedings it would be necessary to have the formal consent of the father to these proceedings. This he has refused to give, and his right to the care, custody and maintenance of these children is paramount to all others.
The Court of Appeals (People ex rel. Kropp v. Shepsky, 305 N. Y. 465, 468; opinion by Fuld, J.) has said, “ Custody of children * * * is ordinarily a matter of discretion for Special Term and the Appellate Division * * * and it is only ‘ rarely that any such determination by [the Supreme Court] can raise any question of law for [the Court of Appeals].’ (People ex rel. Portnoy v. Strasser, 303 N. Y. 539, 542.) However, a question of law does here confront us — a question deriving from that age-old principle of human relations that ' No court can, for any but the gravest reasons, transfer a child from its natural parent to any other person * * * since the right of a parent * * * to establish a home and bring up children is a fundamental one and beyond the reach of any court (Meyer v. Nebraska, 262 U. S. 390, 399).’ (People ex rel. Portnoy v. Strasser, supra, 303 N. Y. 539, 542.) In the light of that principle, we find no basis for denying custody of the child to petitioner, its natural parent, who did not abandon it and against whom no showing of present unfitness has been made.
“ It has often been said that a child’s welfare is the first concern of the court upon the habeas corpus proceeding, where the judge acts ‘ as parens patriae to do what is best for the interest of the child. ’ * * * However valid this statement may be in a contest for custody involving the parents alone, it cannot stand without qualification in a contest between parents and nonparents. The mother or father has a right to the care and custody of the child superior to that of all others, unless he or she has abandoned that right or is proved unfit to assume the duties and privileges of parenthood.”
On occasion the courts have sanctioned withholding the child from the custody of a parent who has abandoned or transferred the parental right either expressly or by implication, but in this case no such challenge has been addressed to the respondent, the father of these children, and the issue of his unfitness is not raised in these proceedings. In the case of People ex rel. Kropp v. Shepsky (supra) the petitioner, there the natural mother of the child, testified that she planned eventually to marry but that until that time if she regained the child she intended to live with an older woman who would take care of her child along with two of her own grandchildren while tho petitioner was at work.
*620 Those facts parallel to a certain degree the situation with which we are confronted here in this case because here the father, Ralph Riggs, plans, he says, to take the children to live with him in a home with friends at Portville and away from the scene of the tragedy where the children will be cared for by the wife of the respondent’s friend in her own home. That is his prerogative, and this court cannot take into consideration here, where the contest is between a parent and a nonparent, the factual issue as to which affords the better surroundings or as to which party is the best equipped to raise the children.
The court has a duty to consider the moral and temporal interests of the children, subject of this proceeding, but until it has been established that the moral and temporal interests of the children, under the guidance of their natural father, are not being served, he has the paramount parental right to their care, custody and support.
In view of the fact that the issue of abandonment has not been established by the petitioners, and since the question of fitness of the natural parent is not an issue, the petitions for adoption must, therefore, be dismissed.
Let decree enter, therefore, dismissing the petitions in each case, and directing that the custody of the children be transferred to the respondent, the natural father of said children.